In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00003-CR


______________________________




TITUS EARL WEBSTER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 2001-F-00169




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Titus Earl Webster appeals his conviction for delivery of cocaine in an amount less
than one gram. Webster pled guilty, as part of a plea agreement, and the trial court
sentenced him to eighteen months' confinement in a state jail facility in accordance with
the agreement. The trial court also ordered that other pending drug charges be considered
in Webster's sentence and dismissed. See Tex. Pen. Code Ann. § 12.45(a) (Vernon
1994).

 In related proceedings held on the same day, Webster pled guilty to another delivery
of cocaine offense, and the trial court revoked Webster's community supervision imposed
for a previous possession of cocaine conviction. The trial court sentenced Webster to ten
years' imprisonment for the possession of cocaine conviction and eighteen months'
confinement in a state jail facility for the other delivery of cocaine conviction. The trial court
also ordered all sentences to run concurrently. Webster has filed appeals from the
judgments in the latter proceedings. We consider those appeals in separate opinions.

 Webster's attorney has filed an appellate brief in which he concludes that, after a
review of the record and the related law, the appeal is frivolous and without merit. He has
evaluated the record and has found no error that arguably supports an appeal. The brief
thus meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), and Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). 
Webster did not file a response pro se.

 In his Anders brief, Webster's counsel on appeal observes this Court is without
jurisdiction to consider errors related to Webster's conviction because Webster pled guilty
as part of a plea agreement that the trial court followed and he filed a general notice of
appeal. If an appeal is from a judgment rendered on the defendant's plea of guilty under
Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2002), and the punishment assessed
did not exceed the punishment recommended by the prosecutor and agreed to by the
defendant, the appellant's notice of appeal must specify: (1) that the appeal concerns a
jurisdictional defect, (2) that the substance of the appeal was raised by written motion and
ruled on before trial, or (3) that the trial court granted the appellant permission to appeal. 
Tex. R. App. P. 25.2(b)(3). A notice of appeal that does not conform to Rule 25.2(b)(3)
deprives this Court of jurisdiction over the appeal. Woods v. State, 68 S.W.3d 667, 669
(Tex. Crim. App. 2002). Because Webster did not file a notice of appeal conforming to the
requirements of Rule 25.2(b)(3), we are without jurisdiction to consider errors related to his
conviction.

 The Texas Court of Criminal Appeals has recently held, however, that Rule
25.2(b)(3) does not apply to appeals of issues unrelated to the conviction. Vidaurri v.
State, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001). For instance, in Kirtley v. State, 56
S.W.3d 48, 51-52 (Tex. Crim. App. 2001), the Texas Court of Criminal Appeals held the
appellant's notice of appeal, which did not comply with Rule 25.2(b)(3), did not bar the
court of appeals from considering the issue of ineffective assistance of counsel at the
punishment phase.

 As we are required to do in a case in which an Anders brief is filed, see Wilson v.
State, 40 S.W.3d 192, 197 (Tex. App.-Texarkana 2001, order), we have conducted our
own independent review of the record, looking exclusively for errors unrelated to Webster's
conviction, and have found none. 

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: July 11, 2002

Date Decided: July 12, 2002


Do Not Publish