NO. 07-02-0022-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 24, 2004


______________________________




HORACE CHESTER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 82603; HONORABLE LARRY GIST, JUDGE


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

ORDER ON ABATEMENT


 Appellant Horace Chester appeals from a conviction for possession of a controlled
substance. Appellant's counsel has filed a motion to withdraw and an Anders (1) brief
indicating that no arguable basis for appeal exists. We grant counsel's motion to withdraw,
abate the appeal, and remand the cause to the trial court for appointment of new counsel. 

 Appellant was indicted for the offense of possession of a controlled substance,
enhanced. He pled not guilty and was convicted following a jury trial. In the punishment
stage of trial appellant pled true to the enhancement allegations. The jury assessed
punishment at the maximum sentence of 20 years confinement and a $10,000.00 fine. 

 Appellant's appointed counsel filed a motion to withdraw and an Anders brief in
support of the motion. Counsel has concluded that the appeal is frivolous and without
merit. Counsel sent a copy of the brief to appellant and informed appellant that, in
counsel's view, the appeal is without merit. Appellant filed a pro se response. Among
numerous assertions by appellant in his response is an allegation that the prosecutor's
final argument during the punishment stage of trial improperly directed the jury to consider
the manner in which parole law and good conduct time may be applied to appellant. In
replying to appellant's response, the State acknowledges the impropriety of the
prosecutor's argument and acknowledges that it was error for the trial court to overrule the
objection of appellant's trial counsel to the argument. However, the State argues that the
error was harmless. 

 We are required to make an independent examination of the record to determine
whether there are any arguable grounds which might support the appeal. Stafford v. State,
813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Our review of the argument leads us to
conclude that it is at least arguable that the trial court's ruling constitutes reversible error. (2)

 Having found an arguable ground for appeal, we may not accept appellate counsel's
representation concerning the merits of the appeal, nor may we permit him to continue as
counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). This court must
insure appellant's right to counsel by permitting appellant's present counsel to withdraw
and by abating and remanding the appeal for appointment of new counsel to represent
appellant on appeal. Id. 

 Accordingly, we hereby grant counsel's motion to withdraw, abate the appeal, and
remand the cause to the trial court. Upon remand, the trial court is directed to appoint new
counsel to represent appellant in this appeal and to direct the trial court clerk to file with
the appellate clerk a supplemental clerk's record containing the order appointing new
appellate counsel and the name, address, and state bar number of newly appointed
counsel. The trial court is further directed to order the newly appointed counsel to file with
the appellate clerk (1) a notice of appearance setting out the matters required by Texas
Rule of Appellate Procedure 6.5(d) and (2) an appellant's brief developing the
aforementioned arguable ground, as well as all other grounds that might support reversal
or modification of the judgment. See Stafford, 813 S.W.2d at 510. 

 The trial court is directed to appoint new appellate counsel on or before March 26,
2004, in the absence of a request for extension of time. Appellate briefs from appellant
and the State will be due in accordance with the provisions of Texas Rule of Appellate
Procedure 38, based on the date the supplemental clerk's record referenced in this order
is filed with the appellate clerk. 

 It is so ordered. 

 Per Curiam


Do not publish. 

 

1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. This should not be viewed as a determination that the court's overruling of trial
counsel's objection constitutes reversible error, nor should it be viewed as an implied
conclusion that the remainder of the issues raised by appellant in his pro se response lack
merit. See Wilson v. State, 40 S.W.3d 192, 200 (Tex.App.-Texarkana 2001, no pet.);
Wilson v. State, 976 S.W.2d 254, 257 n.4 (Tex.App.-Waco 1998, no pet.). We say only
that we have identified an arguable issue which merits further development by counsel on
appeal. Tex. R. App. P. 47.1; Wilson, 40 S.W.3d at 200. 


sdException Locked="false" Priority="65" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









            NO. 07-10-0327-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 



SEPTEMBER 1, 2010  

 



 

BURNWOOD, INC.,

 

                                                                                                            Appellant

 

                                                                             v.

 

                           CRAIG,
TERRILL, HALE & GRANTHAM, LLP, H. GRADY

TERRILL,
ANDREW B. CURTIS; RUSTY CAGLE D/B/A

RED
BOTTOMS A/K/A FLATLANDERS, RAVAN RAY,

INDIVIDUALLY
AND D/B/A RAYLAND PROPERTIES, 

INC.,
RAYLAND PROPERTIES, INC, and BRIAN 

TEAL,
INDIVIDUALLY,

                                                                                                            Appellees

                                               ____________________________

 

                      FROM THE 72nd DISTRICT
COURT OF LUBBOCK COUNTY;

 

                          NO. 2007-543,077-A;
HON. RUBEN REYES, PRESIDING

                                                                              



 

Memorandum Opinion

 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 








Appellant Burnwood, Inc. filed
their notice of appeal on August 12, 2010. 
However, appellant did not pay the $175 filing fee required from
appellants under Texas Rule of Appellate Procedure 5.  Nor did they file an affidavit of indigence
per Texas Rule of Appellate Procedure 20.1. 
By letter from this Court dated August 12, 2010,
we informed appellant that Athe filing fee in the amount of $175.00 has not been paid . . . . 
Failure to pay the filing fee within ten (10) days from the date of this
notice may result in a dismissal.@  Tex. R. App. P. 42.3(c); see Holt v.
F. F. Enterprises, 990 S.W.2d 756 (Tex. App. Amarillo 1998, pet. ref=d).  The deadline
lapsed, and the fee was not received. 

Because appellant has failed to pay the requisite
filing fee as directed by the court, we dismiss the appeal pursuant to Texas
Rule of Appellate Procedure 42.3(c). 

                                                              
                      

Per Curiam