Juan Trevino CANTU, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–308 CR.

Court of Appeals of Texas,
Beaumont.

Dec. 1, 1989.

John F. Pettit, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Conroe, Thomas D. Glenn, Asst. Dist. Atty., Conroe, for appellee.

ORDER

PER CURIAM.

Under a prior order of this Court, Appellant's brief was due to be filed on or before August 31, 1989. On October 26, 1989, Appellant's appointed counsel filed his fourth motion for extension of time to file a brief. Attached to the motion is a brief prepared by Appellant's counsel.

The brief submitted by Appellant's counsel contains a preliminary statement which reads, in part, as follows:

This brief is prepared in accordance with the requirements of *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967), as counsel is of the opinion there exists no reversible error.

Then the brief continues to state and argue four points of error, including three points urging the evidence was insufficient to sustain Appellant's conviction for aggravated kidnapping. The brief concludes with a prayer that we should reverse the judgment of the trial court and order the trial court to enter an order of acquittal.

We find the assertions of error and prayer for relief are totally inconsistent with counsel's conclusion that this appeal is without merit. If it is intended to be an *"Anders"* brief, it fails to comply with the requirement that such a brief must "contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978). On the contrary, rather than explain his conclusion the appeal is without merit, counsel has urged points of error stating the evidence was insufficient. Case law requires counsel to explain why the evidence was sufficient to support the conviction, if he files an *"Anders"* brief. *High v. State, supra*, at 813. Furthermore, there is no direct showing in the record that Appellant was informed of his right to review the appellate record before filing a pro se brief.

However, we find it inappropriate to consider this brief as an ordinary brief urging reversible error occurred in the trial, because it states counsel has concluded there is no reversible error. Therefore, we order Appellant's counsel, the honorable John F. Pettit, to file a new brief within thirty (30) days of the entry of this Order. Appel-

lant's brief must be in full compliance with every requirement of *Anders, supra,* and *High, supra,* if counsel maintains his conclusion that there is no reversible error. If counsel wishes to urge there is reversible error, the brief must not state that there is no such error.