Tommy Jewel SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–91–0002–CR.

Court of Appeals of Texas, Amarillo.

Aug. 23, 1991.

---

Wm. Kent Paschal, Amarillo, for appellant.

Danny Hill, Dist. Atty., Kevin L. Collins, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

Appellant Tommy Jewel Smith was found guilty as charged in the indictment of delivery of a controlled substance, to-wit: less than 28 grams of cocaine. Upon the finding of guilt, the jury found the enhancement paragraph of the indictment to be true and assessed appellant's punishment at fifty years confinement in the Texas Department of Corrections,[1] and a $10,-000 fine. Appellant brings this appeal and in a single point of error alleges the trial court erred in failing to sustain his challenge to the State's use of a peremptory challenge in a discriminatory manner.

Appellant's counsel purports to style his brief as an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find the brief not to be an *Anders* brief due to the prayer for relief, wherein a reversal is prayed for. We do note, however, with the exception of the *voir dire*, appellant's counsel certifies he has found no other error. Having examined the record, we agree with counsel's appraisal.

In examining appellant's point of error, we first note that appellant was black and the jury was all white. We also note that venireperson Kelvin Coffey, whose dismissal from the jury is the point of appellant's complaint, was also black. Appellant's counsel had, prior to trial, filed a motion to restrict the State from the discriminatory

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

use of peremptory challenges. The motion was granted without objection. Upon the completion of the exercise of peremptory challenges, appellant objected to the State's use of a peremptory challenge to excuse venireperson Coffey.

It is well established that the State's deliberate or purposeful denial of jury participation to black citizens because of race violates an accused's rights under the Equal Protection Clause of the United States Constitution. The State cannot challenge a potential juror solely on account of that person's race. *Powers v. Ohio,* 499 U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, 79 (1986). This decision is now codified in article 35.‑261 of the Texas Code of Criminal Procedure.

■ To invoke the protections of *Batson,* supra, an accused must show purposeful discrimination by establishing that: (1) he is a member of a cognizable racial group; (2) the State exercised its peremptory challenges to eliminate from the venire members of appellant's race; and (3) the facts and other pertinent occurrences raise an inference that the State used peremptory strikes to exclude venirepersons on account of race. *Henry v. State,* 729 S.W.2d 732, 734 (Tex.Crim.App.1987); *Rijo v. State,* 721 S.W.2d 562, 564 (Tex.App.— Amarillo 1986, *no writ* ).

In applying the three-step *Batson* analysis, we first note the appellant, who is black, brings himself within the purview of *Batson* for he is a member of a cognizable racial group.[2] Second, we note the State did exercise a peremptory challenge to remove a prospective juror named Kelvin Coffey, who was also black. At the conclusion of *voir dire,* there was one other black person on the jury panel. That venireperson, however, was number 37 and was too far down the list to have been chosen. Having thus determined the State struck the only venire member of appellant's race among those venirepersons subject to be-

ing selected as jurors, appellant timely raised an inference of purposeful discrimination.

In the event that the accused raises an inference of purposeful discrimination through the prosecution's use of peremptory challenges, and the trial court ascertains that a prima facie case of discrimination exists, then the burden moves to the prosecutor to produce a neutral reason for the strikes. Once the prosecutor has articulated a nondiscriminatory explanation for the elimination of members of the venire, the defendant may offer evidence to show that the stated reasons were merely a sham or pretext. *Keeton v. State,* 749 S.W.2d 861, 868 (Tex.Crim.App.1988).

In *Whitsey v. State,* 796 S.W.2d 707, 713 (Tex.Crim.App.1989), the court reminded us that *Batson* requires the prosecutor to give clear and reasonably specific explanations of legitimate reasons for his use of peremptory challenges. It further explicated that such a requirement mandates the trial judge to evaluate the reasons given by the prosecutor in light of the circumstances of that trial in determining whether the explanations are merely a pretext. *Id.* To aid in making that determination, the Court itemized a nonexclusive list of factors which militate against the legitimacy of the race-neutral explanations. It cautioned that the presence of any one of the factors tends to show that the State's reasons are either an impermissible pretext or are not actually supported by the record.

Those factors are:

1. The reason given for the peremptory challenge is not related to the facts of the case;

2. There was a lack of questioning to the challenged juror or a lack of meaningful questions;

3. Disparate treatment, *i.e.,* persons with the same or similar characteristics as the challenged juror were not struck;

4. Disparate examination of members of the venire, *i.e.,* questioning a chal-

---

**2.** It is no longer necessary that the excluded venireperson be of the same race as the accused.

*Powers, supra.*

lenged juror so as to evoke a certain response without asking the same question of other panel members; and

5. An explanation based on a group bias where the group trait is not shown to apply to the challenged juror specifically. *Id.* at 713–14.

 In making its finding of fact regarding whether purposeful discrimination existed, the trial court must, of necessity, judge the credibility of the prosecutor, the content of the explanation, and all other surrounding facts and circumstances. Although the prosecutor must give a race-neutral explanation for the strike, the explanation need not rise to the level justifying a challenge for cause. Absent a racially discriminatory motive, the prosecutor can strike a venire member based on a legitimate hunch. *Keeton v. State*, 749 S.W.2d at 865. The trial judge's finding should be given great deference by a reviewing court. *Henry v. State*, 729 S.W.2d at 734. The reviewing court, in determining whether the trial court ruling is sufficiently supported by the record, should consider the evidence in the light most favorable to the trial judge's ruling. *Williams v. State*, 804 S.W.2d 95, 102 (Tex.Crim.App. 1991); *Keeton v. State*, 749 S.W.2d at 870.

In reviewing the evidence, we note the prosecutor, when called upon by the court to give the reason for striking Mr. Coffey, replied in brief:

> Coffey was challenged because he was argumentative and his demeanor was hostile to the prosecutor. The prosecutor also verbalized his belief that Coffey would be unable to reason with his fellow jurors; that Coffey would not be inclined to participate in a full and free discussion during jury deliberation; and that he might precipitate a hung jury. These were impressions of a mind set which the State believed Mr. Coffey possessed.

The prosecutor was not cross-examined, nor was his testimony impeached. Appellant offered evidence that Coffey, who was employed as a security officer at an atomic energy plant, was well-groomed and well-dressed and answered questions articulately and intelligently. Appellant's counsel conceded he and his client had a hard time not striking Coffey, for he fit the mold of what they considered a good State's juror. Appellant, therefore, concluded since he found Mr. Coffey to be a good juror for the State, the State's only reason for striking Coffey was the color of his skin.

It is clear from the evidence that there was something about Mr. Coffey's demeanor which prompted both the State and the defense to consider striking him. The State, following its instinct or hunch, chose to strike a venireperson who the defense classified as a State's juror. The defense, also based upon its instinct, chose not to strike a venireperson who under most circumstances it would have struck.

The record reflects that upon being questioned by both the State and defense, Coffey's answers could fairly be classified as lengthy and rambling discourses pertaining to his personal beliefs, and pertaining to probation and parole. Coffey also stated his cousin was a dope user, but he did not know him extensively. Neither the State or defense spent an inordinate amount of time questioning Coffey. In considering Coffey's hostile attitude toward the prosecutor, the prosecutor became reasonably suspicious that Coffey would be biased against the State. *See Hawkins v. State*, 793 S.W.2d 291, 294–95 (Tex.App.—Dallas 1990, pet. ref'd). The prosecution further verbalized for the court, the State's suspicion or hunch of Coffey's inability to enter into meaningful deliberations with his fellow jurors.

*Batson* requires the trial judge to embrace a participatory role in *voir dire*, noting the subtle nuance of both verbal and nonverbal communication from each member of the venire. *Keeton v. State*, 749 S.W.2d at 865. In *Keeton*, the court found in *Batson* sufficient room for the State to exercise its peremptory challenges on the basis of the prosecutor's legitimate "hunches" and past experience so long as racial discrimination is not the motive. *Keeton v. State*, 749 S.W.2d at 865. The trial judge is present during *voir dire* and is best able to observe the demeanor and tenor of voice of the venireperson. *Pyles v. State*, 755

S.W.2d 98, 106 (Tex.Crim.App.), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). Accordingly, although a prosecutor gives a race-neutral explanation, the trial judge, based upon all the evidence and his observations and experience, may determine whether or not the explanation is artificial or pretextual.

 In reviewing the State's explanation, we find the explanation on its face to be racially neutral. Not only does the State have a right to exercise peremptory challenges against jurors biased against the State, but we also find the State to have a legitimate interest in selecting a jury which has a reasonable probability of arriving at a unanimous verdict. Not having been present during the *voir dire*, we must give great deference to the decision of the trial judge regarding the racial neutrality of the State's action. The fact that Mr. Coffey presented a quandry for both counsels is undisputed. The record does not reflect that any other venirepersons did so. The fact that he was argumentative and hostile led the State to the legitimate conclusion that Coffey would not be fair and impartial and would be inclined not to meaningfully deliberate with his fellow jurors. We also note that the record is devoid of any of the factors listed in *Whitsey* as indicia that the explanation given was pretextual. Mr. Coffey was not treated any differently than other members of the panel.

Our review of the totality of the evidence, viewing it in the light most favorable to the finding, satisfies us that there is sufficient evidence to support the trial court's finding that there was no purposeful discrimination by the State in the use of its peremptory strikes. Finding no error in the trial court's overruling appellant's objection to the peremptory challenge used to strike venireperson Coffey, appellant's point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.