In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00133-CR


______________________________




ROGER SHAW, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 35407-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Roger Shaw appeals from his conviction on his open plea of guilty to aggravated robbery. 
The court sentenced Shaw to twenty years' imprisonment. Shaw was represented by appointed
counsel at trial and by different appointed counsel on appeal. Shaw's appellate attorney has filed a
brief which we deem to be an Anders brief. (1) See Anders v. California, 386 U.S. 738 (1967).

 Counsel mailed a copy of the brief to Shaw on November 12, 2007, informing Shaw of his
right to examine the entire appellate record and to file a pro se response. Counsel simultaneously
filed a motion with this Court seeking to withdraw as counsel in this appeal. This Court notified
Shaw that any pro se response was due on or before December 17, 2007. Shaw filed his pro se
response March 24, 2008. We then noted that the reporter's record was incomplete when appellate
counsel filed his Anders brief. On July 1, 2008, we ordered counsel to supplement his brief with
regard to the now-filed supplemental reporter's record. Counsel's supplemental brief has now been
filed and we have received the State's response.

 We have determined that this appeal is wholly frivolous. We have independently reviewed
the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We affirm the trial court's judgment. (2)



 Bailey C. Moseley

 Justice


Date Submitted: August 4, 2008

Date Decided: August 8, 2008

 

Do Not Publish
1. Shaw's attorney filed a brief in which he initially states that the appeal is wholly frivolous
and without merit, with reference to Anders as authority for the procedure of filing a brief in a
frivolous appeal. Counsel delivered a copy of the brief to Shaw and advised Shaw of his right to file
a pro se response, and requested permission to withdraw, all in accord with Anders requirements. 
 An appointed attorney who concludes that a client's appeal is without merit is required to
(1) file a motion to withdraw in the court of appeals; (2) file an Anders brief (in support of the
motion to withdraw) that refers to anything in the record that might arguably support an appeal in
support of the motion; (3) send the client a copy of the brief; (4) inform the client of the right to file
a pro se response; and (5) inform the client of the right to review the record and of the procedures
for obtaining a copy of the record. Wilson v. State, 40 S.W.3d 192, 196-97 (Tex. App.--Texarkana
2001, no pet.) (citing Johnson v. State, 885 S.W.2d 641, 645-46 (Tex. App.--Waco 1994, pet.
ref'd)). 

 In this case, counsel concluded his references to the matters in the record that might arguably
support an appeal and prayed in his conclusion that we reverse Shaw's conviction and remand for
a new trial. This is not the correct prayer in an Anders brief. See Jeffery v. State, 903 S.W.2d 776,
779-80 (Tex. App.--Dallas 1995, no pet.) (noting correct prayer in Anders brief is appellate court
grant counsel's motion to withdraw). Counsel should not pray for reversal in a brief filed in support
of a motion to withdraw from a frivolous appeal. Johnson, 885 S.W.2d at 646 (citing Smith v. State,
814 S.W.2d 858, 859 (Tex. App.--Amarillo 1991, no pet.); Cantu v. State, 781 S.W.2d 953, 953
(Tex. App.--Beaumont 1989, no pet.)). We caution counsel that the proper prayer in an Anders brief
should ask this Court to grant counsel's motion to withdraw. See Jeffery, 903 S.W.2d at 779-80.

 Based on our review of the brief and of counsel's other actions in this appeal, we conclude
that the intent of counsel was to file a frivolous appeal brief pursuant to Anders. If we have
misunderstood the import of this mode of briefing, we invite counsel to respond by motion for
rehearing.
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Shaw in this case. No substitute
counsel will be appointed. Should Shaw wish to seek further review of this case by the Texas Court
of Criminal Appeals, Shaw must either retain an attorney to file a petition for discretionary review
or Shaw must file a pro se petition for discretionary review. Any petition for discretionary review
must be filed within thirty days from the date of either this opinion or the last timely motion for
rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary
review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.