

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00133-CR

_____

ROGER SHAW, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 35407-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Roger Shaw appeals from his conviction on his open plea of guilty to aggravated robbery. The court sentenced Shaw to twenty years' imprisonment. Shaw was represented by appointed counsel at trial and by different appointed counsel on appeal. Shaw's appellate attorney has filed a brief which we deem to be an *Anders* brief.[1] *See Anders v. California*, 386 U.S. 738 (1967).

---

[1] Shaw's attorney filed a brief in which he initially states that the appeal is wholly frivolous and without merit, with reference to *Anders* as authority for the procedure of filing a brief in a frivolous appeal. Counsel delivered a copy of the brief to Shaw and advised Shaw of his right to file a pro se response, and requested permission to withdraw, all in accord with *Anders* requirements.

An appointed attorney who concludes that a client's appeal is without merit is required to (1) file a motion to withdraw in the court of appeals; (2) file an *Anders* brief (in support of the motion to withdraw) that refers to anything in the record that might arguably support an appeal in support of the motion; (3) send the client a copy of the brief; (4) inform the client of the right to file a pro se response; and (5) inform the client of the right to review the record and of the procedures for obtaining a copy of the record. *Wilson v. State*, 40 S.W.3d 192, 196–97 (Tex. App.—Texarkana 2001, no pet.) (citing *Johnson v. State*, 885 S.W.2d 641, 645–46 (Tex. App.—Waco 1994, pet. ref'd)).

In this case, counsel concluded his references to the matters in the record that might arguably support an appeal and prayed in his conclusion that we reverse Shaw's conviction and remand for a new trial. This is not the correct prayer in an *Anders* brief. *See Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (noting correct prayer in *Anders* brief is appellate court grant counsel's motion to withdraw). Counsel should not pray for reversal in a brief filed in support of a motion to withdraw from a frivolous appeal. *Johnson*, 885 S.W.2d at 646 (citing *Smith v. State*, 814 S.W.2d 858, 859 (Tex. App.—Amarillo 1991, no pet.); *Cantu v. State*, 781 S.W.2d 953, 953 (Tex. App.—Beaumont 1989, no pet.)). We caution counsel that the proper prayer in an *Anders* brief should ask this Court to grant counsel's motion to withdraw. *See Jeffery*, 903 S.W.2d at 779–80.

Based on our review of the brief and of counsel's other actions in this appeal, we conclude that the intent of counsel was to file a frivolous appeal brief pursuant to *Anders*. If we have misunderstood the import of this mode of briefing, we invite counsel to respond by motion for rehearing.

Counsel mailed a copy of the brief to Shaw on November 12, 2007, informing Shaw of his right to examine the entire appellate record and to file a pro se response. Counsel simultaneously filed a motion with this Court seeking to withdraw as counsel in this appeal. This Court notified Shaw that any pro se response was due on or before December 17, 2007. Shaw filed his pro se response March 24, 2008. We then noted that the reporter's record was incomplete when appellate counsel filed his *Anders* brief. On July 1, 2008, we ordered counsel to supplement his brief with regard to the now-filed supplemental reporter's record. Counsel's supplemental brief has now been filed and we have received the State's response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[2]


                                          Bailey C. Moseley
                                          Justice

Date Submitted:      August 4, 2008
Date Decided:        August 8, 2008

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Shaw in this case. No substitute counsel will be appointed. Should Shaw wish to seek further review of this case by the Texas Court of Criminal Appeals, Shaw must either retain an attorney to file a petition for discretionary review or Shaw must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.