

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00053-CR
_____


DAMIEN ALEXANDER HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 10-0030X


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Damien Alexander Harris has appealed from his conviction by a jury for aggravated assault. The trial court assessed punishment and sentenced Harris (who had no prior felony convictions) to eight years' imprisonment. At trial, Harris claimed he was misidentified by the victim—who was a very reluctant witness for the State.

Harris' attorney on appeal has filed a brief which states that he has reviewed the record, sets out the course of the prosecution and revocation proceedings, and states that he has found no issues that could be raised. Counsel nevertheless presents five issues which he has discussed in detail, but has also explained accurately why those issues would not prevail. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Harris on July 24, 2012, along with a copy of his motion to withdraw and his letter informing Harris of his right to file a pro se response and of his right to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Harris has provided this Court with a pro se response in which he reiterates his innocence, argues that the victim and others are now willing to recant their testimony, and asks for a new evidentiary hearing on these matters.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and find no genuinely arguable issue. *See*

*Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).[1]

We affirm the judgment of the trial court.[2]

Bailey C. Moseley
Justice

Date Submitted:     November 2, 2012
Date Decided:       November 5, 2012

Do Not Publish

---

[1] It is not critical, but we point out counsel should not pray for reversal in a brief filed in support of a motion to withdraw from frivolous appeal. *Johnson v. State*, 885 S.W.2d 641, 646 (Tex. App.—Waco 1994, no pet.) (order) (citing *Smith v. State*, 814 S.W.2d 858, 859 (Tex. App.—Amarillo 1991, no pet.); *Cantu v. State*, 781 S.W.2d 953, 953 (Tex. App.—Beaumont 1989, no pet.)).

[2] Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.