# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00826-CV

**D. M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
## NO. 249,933-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## O R D E R

D.M. appeals from a trial court judgment terminating her parental rights to her daughter. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (N), (2) (West Supp. 2012). Appellant's appointed counsel filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744-45 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights); *In re E.L.Y.*, 69 S.W.3d 838, 839 (Tex. App.—Waco 2002, order) (*Anders* procedure applies in termination cases, counsel ordered to amend inadequate *Anders* brief); *In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) (*Anders* rationale applies to appointed counsel in termination proceedings); *In re K.S.M.*, 61 S.W.3d 632, 633 (Tex. App.—Tyler 2001, no pet.) (same). We conclude, however, that the *Anders* brief is inadequate and must be amended.

An *Anders* brief is deficient as to form if it does not reflect a professional evaluation of the record demonstrating that there are no arguable grounds for appeal. *Wilson v. State*, 40 S.W.3d 192, 198 (Tex. App.—Texarkana 2001, no pet.). A brief without such an evaluation is of limited use in ensuring that the appellant's right to counsel on appeal is protected and in evaluating whether the appeal lacks merit. *Id.* at 198-99 (citing *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978)). Deficiencies of form include technical violations of the *Anders* requirements (e.g., failing to raise arguable issues or failing to cite to the record or to legal authority), but also include the failure to discuss issues appearing prominently in the record. *Id.* at 199. When an *Anders* brief is defective, counsel should be afforded the opportunity to amend the brief to address the deficiencies. *Id.*

Although appellant's counsel filed a brief purporting to provide a professional evaluation of the record demonstrating the absence of arguable grounds to be advanced, the brief is defective because it fails to discuss potential issues appearing prominently in the record, including, but not necessarily limited to, (1) the trial court's denial of appellant's motion for dismissal based on the failure to prosecute the case within the time limits prescribed by section 263.401 of the family code and (2) the trial court's refusal of appellant's request to modify the jury charge to require a finding of an act warranting termination that occurred after April 12, 2011. Counsel is directed to file a brief that addresses the defects in form within thirty days of the date of this Order. No further extensions will be granted.

If counsel seeks to withdraw from representing appellant after addressing the deficiencies in the *Anders* brief, the motion to withdraw shall conform to the requirements of Tex. R. App. P. 6.5.

It is so ordered on February 28, 2013.


_____
J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field