**Order issued January 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00591-CR

———————————

**AMBER NICOLE DOUGHTY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Court Cause No. 12-07-07650**

## ABATEMENT ORDER

Amber Nicole Doughty pled guilty to the offense of theft in open court. The

trial judge found her guilty as charged, and sentenced her to 40 years imprisonment

in the Texas Department of Criminal Justice, with a fine of $10,000.00 and restitution in the amount of $374,225.95. Additional special findings were added to the sentence, including (1) no contact with one of the witnesses in the case, Hans Ruff, (2) having a picture visible in her prison cell of her victim, Emmett Dunn, (3) upon parole having to wear a t-shirt reading "I am a thief," at all times and (4) making available Doughty's financial information to law enforcement agencies at any time in the future while she is in prison or on parole. Of these special findings added to the sentence, all but one were objected to and overruled during the sentencing hearing.

Doughty's court-appointed counsel on appeal, Oscar L. Sommers, has filed a motion to withdraw from representing Doughty and an *Anders* brief in which he opines that no valid grounds for appeal exist and that Doughty's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Sommers did not address the special findings added to the sentence in his brief. Doughty has not filed a response. The State waived its opportunity to file an appellee's brief.

When this Court receives an *Anders* brief from an appellant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must

- 2 -

determine that issue independently by conducting our own review of the entire record.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (same); *Martin v. Dep't of Family & Protective Servs.*, No. 01-07-00842-CV, 2009 WL 276759, at \*1 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, pet. denied) (stating that reviewing court must conduct independent review of entire record to determine whether arguable grounds for appeal exist). An arguable ground for appeal is a ground that is not frivolous; it must be an argument that could "conceivably persuade the court."  *See In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting *McCoy v. Court of Appeals of Wisc., Dist. I*, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901 (1988)).  However, "[w]hen we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal."  *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.) (citing *Wilson v. State*, 976 S.W.2d 254, 257 n.4 (Tex. App.—Waco 1998, no pet.)).

Our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist.  *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim.

App. 2005). If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case, and Doughty is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

In accordance with *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400, and *Bledsoe*, 178 S.W.3d at 826–27, we have reviewed the record and appointed counsel's *Anders* brief. The record on appeal suggests that there are arguable grounds for appeal with regards to the special findings added to Doughty's sentence.

We **abate this appeal and remand the cause for the trial court to appoint new appellate counsel to represent Doughty within 30 days of the date of this order**. The newly appointed counsel's brief will be due 30 days from the date counsel is appointed, regardless of whether this Court has yet reinstated the appeal, and counsel is required to:

(1) fully investigate and make a conscientious examination of the record;

(2) address all arguable, non-frivolous grounds for appeal in a brief on the merits;

(3) specifically address the issue of whether any or all of the special findings added to the sentence by the trial court are supported by the law; and

- 4 -

(4) Address any other grounds counsel deems appropriate.

*See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) ("The court's duty is to determine whether there are any arguable grounds and if there are, to remand to the trial court so that new counsel may be appointed to brief the issues."); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal.").

We further **order** that a supplemental clerk's record be filed with this court containing the name, address, and state bar number of the new counsel appointed within 30 days of the date of this order.

We **grant** counsel Oscar Sommers' motion to withdraw.

The appeal is **abated**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the Doughty's brief is filed in this Court.

It is so **ordered**.


Judge's signature: /s/ <u>Justice Harvey Brown</u>
            X  Acting individually

- 5 -

Panel consists of Justices Keyes, Bland and Brown.

Date:  January 16, 2014