**Order issued January 28, 2014**



In The

# Court of Appeals
### For The
# First District of Texas

---

### NO. 01-13-00565-CR

---

### TYRECE LYNN COX, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 122nd District Court
### Galveston County, Texas
### Trial Court Cause No. 13-CR-0523

---

## ABATEMENT ORDER

Tyrece Lynn Cox pled guilty to the offense of continuous sexual abuse of a child. Cox made his plea to the trial court judge, who found him guilty, then

requested sentencing before a jury. After evidence was presented, a jury sentenced him to 65 years imprisonment in the Texas Department of Criminal Justice.

Cox's court-appointed counsel on appeal, Calvin D. Parks, has filed a motion to withdraw from representing Cox and an *Anders* brief in which he opines that no valid grounds for appeal exist and that Cox's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Cox has not filed a response. The State waived its opportunity to file an appellee's brief.

When this Court receives an *Anders* brief from an appellant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (same); *Martin v. Dep't of Family & Protective Servs.*, No. 01-07-00842-CV, 2009 WL 276759, at *1 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, pet. denied) (stating that reviewing court must conduct independent review of entire record to determine whether arguable grounds for appeal exist). An arguable ground for appeal is a ground that is not frivolous; it must be an argument

- 2 -

that could "conceivably persuade the court." *See In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting *McCoy v. Court of Appeals of Wisc., Dist. I*, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901 (1988)). Accordingly, "[w]hen we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.) (citing *Wilson v. State*, 976 S.W.2d 254, 257 n.4 (Tex. App.—Waco 1998, no pet.)).

Our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case, and Cox is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

In accordance with *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400, and *Bledsoe*, 178 S.W.3d at 826–27, we have reviewed the record and appointed counsel's *Anders* brief and concluded that there are arguable grounds for Cox's appeal. In particular, the record contains no evidence that Cox's plea was made

- 3 -

knowingly and voluntarily after proper admonishments. Therefore, a non-frivolous argument could be made that Cox's plea was not knowing and voluntary.

**We abate this appeal and remand the cause for the trial court to appoint new appellate counsel to represent Cox within 30 days of the date of this order. Cox's new appellate counsel shall be provided with a copy of this order at the time he or she is appointed.** The newly appointed counsel's brief will be due 30 days from the date counsel is appointed, regardless of whether this Court has yet reinstated the appeal, and counsel is required to:

(1) fully investigate and make a conscientious examination of the record;

(2) address all arguable, non-frivolous grounds for appeal in a brief on the merits;

(3) specifically address the above referenced issue regarding Cox's guilty plea; and

(4) address any other grounds counsel deems appropriate.

*See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) ("The court's duty is to determine whether there are any arguable grounds and if there are, to remand to the trial court so that new counsel may be appointed to brief the issues."); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("If grounds are deemed arguable, the Court of Appeals then must abate the appeal and

remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal.").

We further **order** that a supplemental clerk's record be filed with this court containing the name, address, and state bar number of the new counsel appointed within 30 days of the date of this order.

We **grant** counsel Calvin D. Park's motion to withdraw.

The appeal is **abated**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when Cox's brief is filed in this Court.

It is so **ordered**.


Judge's signature: _____/s/Rebeca Huddle
                         X  Acting individually     ☐  Acting for the Court

Date:  January 28, 2014