**Order issued March 12, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00805-CV**

———————————

## IN THE INTEREST OF A.L.W. AND A.N.W., CHILDREN

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-05425J**

**MEMORANDUM ORDER OF ABATEMENT**

The mother, A.L.T., appeals the trial court's final decree terminating her parental rights to her minor children, A.L.W. and A.N.W.[1] Appellant's appointed appellate counsel, Donald M. Crane, has filed a motion to withdraw from representing A.L.T. and an *Anders* brief in which he opines that no valid grounds

---

[1] To protect the identities of the minor children, we have used only the full initials of the minors and their mother. *See* TEX. R. APP. P. 9.8(b)(2).

for appeal exist and that A.L.T.'s appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A.L.T. has not filed a response. The Department of Family and Protective Services ("DFPS") waived its opportunity to file an appellee's brief.

When this Court receives an *Anders* brief from an appellant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (same); *Martin v. Dep't of Family & Protective Servs.*, No. 01-07-00842-CV, 2009 WL 276759, at *1 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, pet. denied) (stating that reviewing court must conduct independent review of entire record to determine whether arguable grounds for appeal exist). An arguable ground for appeal is a ground that is not frivolous; it must be an argument that could "conceivably persuade the court." *In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting *McCoy v. Court of Appeals of Wisc., Dist. I*, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901 (1988)). However, "[w]hen we identify issues that counsel on appeal should

have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.) (citing *Wilson v. State*, 976 S.W.2d 254, 257 n.4 (Tex. App.—Waco 1998, no pet.)).

Our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case, and A.L.T. is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

In accordance with *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400, and *Bledsoe*, 178 S.W.3d at 826–27, we have reviewed the record and appointed counsel's *Anders* brief. The record on appeal suggests that there are at least three arguable grounds for appeal: (1) whether the evidence is legally sufficient to support the trial court's termination order; (2) whether the evidence is factually sufficient to support the trial court's termination order; and (3) whether there is any evidence to suggest that appellant's trial counsel's performance was deficient and if so, whether any alleged deficient performance caused appellant prejudice. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West Supp. 2014); *Strickland*

3

*v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *In re J.O.A.*, 283 S.W.3d 336, 344–45 (Tex. 2009); *P.W. v. Dep't of Family & Prot. Servs.*, 403 S.W.3d 471, 475 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Ruiz v. Tex. Dep't of Family & Protective Servs.*, 212 S.W.3d 804, 813–14 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Accordingly, we abate this appeal and remand the cause for the trial court to hold a hearing, with a representative of DFPS and appellant's appointed counsel present: (1) to determine whether appellant still wishes to pursue this appeal and remains indigent; (2) if so, recommend granting Donald M. Crane's, A.L.T.'s appointed appellate counsel, motion to withdraw; and (3) appoint new appellate counsel to represent A.L.T. Counsel's brief will be due 20 days from the date counsel is appointed, regardless of whether this Court has yet reinstated the appeal, and counsel is required to:

(1)   Fully investigate and make a conscientious examination of the record;

(2)   Address all arguable, non-frivolous grounds for appeal in a brief on the merits;

(3)   Specifically address the issues of whether the DFPS introduced sufficient evidence to prove, by clear and convincing evidence, that A.L.T. committed one or more of the acts listed in subsections (D),

4

(E), (N), and (O) of section 161.001(1) of the Texas Family Code and that termination was in both A.L.W.'s and A.N.W.'s bests interests;[2]

(4)     And address any other grounds counsel deems appropriate.

*See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) ("The court's duty is to determine whether there are any arguable grounds and if there are, to remand to the trial court so that new counsel may be appointed to brief the issues."); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal.").

An appeal from a judgment terminating parental rights is an accelerated appeal which this Court "should, so far as reasonably possible," ensure that it is disposed of "within 180 days of the date the notice of appeal is filed." TEX. R. JUD. ADMIN. 6.2(a); *see* TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (West Supp. 2014). Accordingly, due to the expedited nature of this appeal, the trial court is ordered to hold this hearing **within 7 days of the date of this Memorandum Order**, appellant's brief will be due **within 20**

---

[2]     *See* TEX. FAM. CODE ANN. §§ 161.001(1), (2) (West Supp. 2014); *Ruiz v. Tex. Dep't of Family & Prot. Servs.*, 212 S.W.3d 804, 813-14 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (stating that appellate court may only affirm trial court's termination order on basis of subsection of section 161.001 found by trial court to have been violated).

**days of appointment** and appellee's brief, if any, **will be due within 20 days of the filing of appellant's brief, and no extensions of time will be granted absent extraordinary circumstances**. *See* TEX. R. APP. P. 38.6(a), (d). Counsel who agrees to handle this appeal should do so only if he or she can satisfy the deadlines set herein. Counsel for the DFPS is also advised that he or she **should not seek an extension to file an appellee's brief, if any, absent good cause**, and that any extension will be very short.

The trial court shall have a court reporter record the hearing. We further order that a supplemental clerk's record be filed with this court containing the name, address, and state bar number of the new appellate counsel appointed, as well as any findings, conclusions, recommendations, or orders of the trial court, and the supplemental reporter's record of the hearing, be filed **within 7 days of the hearing**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket after the supplemental clerk's and reporter's record are filed in this Court.

It is so **ordered**.

Judge's signature: /s/ Laura Carter Higley
         ☒ Acting individually

Panel consists of Justices Jennings, Higley, and Huddle.

Date: March 12, 2015

6