**Donny Ray GRAHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–82–187–CR.**

Court of Appeals of Texas,
Waco.

March 17, 1983.

Michael J. Rogers, Kenneth W. Boyd, Cleburne, for appellant.

John R. MacLean, Dist. Atty., Dale Hanna, Asst. Dist. Atty., Cleburne, for appellee.

HALL, Justice.

Pleading not guilty, appellant Donny Ray Graham was convicted by a jury on both counts of a dual-count indictment charging him with aggravated rape of a child under the provisions of V.T.C.A., Penal Code §§ 21.03(a)(5) and 21.09(a), and with aggravated sexual abuse of a child under the provisions of Penal Code §§ 21.10(a) and 21.05(a)(5). The jury set punishment on each conviction at confinement in the penitentiary for 70 years.

Appellant's court-appointed counsel have filed a brief in which they state that the appeal in this cause is frivolous. The brief shows that a copy of it has been served on appellant and that appellant has been informed of his right to file a pro se appellate brief and of his right to the record for that purpose, but in all other respects the brief fails to comply with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), or *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974), as interpreted in *High v. State,* 573 S.W.2d 807 (Tex.Cr.App.1978). The brief asserts as its ground of error only that "As required by *Jackson v. State,* 485 S.W.2d 553 (Tex.Cr.App.1972) appellant's counsel would state that the record reflects no reversible error and there are no points upon which an appeal can be predicated."

The rules that presently govern the nature and content of the brief that must be filed by court-appointed counsel in a frivolous appeal of a contested case are set forth in *High v. State,* supra. There, our Court of Criminal Appeals said:

"We now hold that in contested cases where 'frivolous appeal' briefs are filed by court-appointed counsel ... this court will not accept such briefs unless they discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court. Court-appointed counsel are expected to comply with the decisions in *Anders* and *Currie* and are admonished to follow the concurring opinion in *Johnson* [*v. United States,* 124 U.S.App.D.C. 29, 360 F.2d 844 (1966) ]."

Of course, it is our duty and that of counsel to follow this decision.

The appeal is abated in order that appellant's counsel may comply with the decision in *High,* if they consider the appeal in this case to be frivolous, and again inform appellant of his rights in the matter. Counsel are granted 60 days from the date of this order for the filing of their new brief; and the state is granted 30 days thereafter for responding.

It is so ordered.