**Timothy Clyde WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00008–CR.**

Court of Appeals of Texas, Texarkana.

March 30, 2001.

Stephen C. Taylor, Humble, for appellant.

Timothy Wilson, Huntsville, Pro Se.

Rodney Conerly, Wayln Thompson, Assistant District Attorneys, Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## ORDER

GRANT, Justice.

Timothy Wilson appeals his conviction for aggravated sexual assault of a child. In a two-count indictment, the State alleged that Wilson assaulted his eight-year-old stepdaughter orally and vaginally. At the close of trial, the State abandoned the allegation that Wilson assaulted the victim vaginally. The jury convicted Wilson and sentenced him to fifteen years' confinement.

Wilson's attorney has filed an appellate brief in which he concludes that after a review of the record and the related law, the appeal is frivolous and without merit. Wilson has filed a pro se response in which he alleges ineffective assistance of counsel. We take this opportunity to review the proper procedures for cases in which an attorney asserts the appeal is without merit.

Every person convicted of a crime in Texas has a statutory right to appeal. Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979). The Fourteenth Amendment to the United States Constitution guarantees the right to assistance of counsel on appeal. *Douglas v. California*, 372 U.S. 353, 357–58, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811, 815 (1963). Thus, the State must appoint counsel on appeal to an indigent person to afford that person the same

protections for which a nonindigent person can pay. *Id.*

■ Nevertheless, a defendant does not have the right to have a frivolous or non-meritorious appeal filed on his behalf. *Penson v. Ohio,* 488 U.S. 75, 83–84, 109 S.Ct. 346, 351–52, 102 L.Ed.2d 300, 311 (1988). In fact, an attorney has a duty not to pursue such an appeal. Tex. Disciplinary R. Prof'l Conduct 3.01, *reprinted in* Tex.Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9).

In *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 (1967), the United States Supreme Court outlined a procedure for ensuring that an indigent defendant's right to counsel on appeal is honored when his attorney asserts that the appeal is without merit. *Anders* provides a prophylactic procedure, and the Supreme Court has made it clear that states are free to adopt different procedures as long as the indigent person's right to appellate counsel is adequately safeguarded. *Smith v. Robbins,* 528 U.S. 259, 265, 120 S.Ct. 746, 753, 145 L.Ed.2d 756, 767 (2000).

■ Under *Anders* and its progeny, if an appointed attorney concludes that his client's appeal is without merit, he must (1) so inform the court, (2) seek permission to withdraw, and (3) file a brief "referring to anything in the record that might arguably support the appeal." [1] *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 437–39, 108 S.Ct. 1895, 1901–02, 100 L.Ed.2d 440, 452–54 (1988) (quoting *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400). An appeal is without merit if it has no basis in law or fact. *McCoy,* 486 U.S. at 438 n. 10, 108 S.Ct. at 1902 n. 10.

■ Before reaching a conclusion that the appeal is without merit, counsel is required to master the trial record, thoroughly research the law, and exercise judgment in identifying possible grounds for appeal. *Id.* "In searching for the strongest arguments available, the attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client." *Id.* "[I]f done correctly, *Anders* briefs are more difficult and time-consuming than ordinary appellate briefs." *United States v. Wagner,* 158 F.3d 901, 902 (5th Cir.1998). If after thoroughly reviewing the record and researching the law, the attorney is able to find only arguments that cannot conceivably persuade the appellate court that the trial court's ruling was wrong and that the appellant was harmed, then the appeal should be considered frivolous. *High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978); *see also McCoy,* 486 U.S. at 436, 108 S.Ct. at 1900–01; *Taulung v. State,* 979 S.W.2d 854, 856–57 (Tex. App.—Waco 1998, no pet.).

■ Texas courts have adopted the framework outlined in *Anders* and its progeny by requiring an appointed attorney who concludes that his client's appeal is without merit to (1) file a motion to withdraw in the court of appeals; (2) file an *Anders* brief in support of the motion;

---

1. In contrast, a retained attorney who concludes an appeal is without merit must (1) inform the client of this conclusion, (2) refuse to pursue the appeal, and (3) file a motion to withdraw in the court of appeals. *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 437, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440, 452 (1988); *Pena v. State,* 932 S.W.2d 31, 33 (Tex.App.—El Paso 1995, no pet.); *Mays v. State,* 904 S.W.2d 920, 923 n. 1 (Tex.App.—Fort Worth 1995, no pet.); *Oldham v. State,* 894 S.W.2d 561, 562 (Tex.App.—Waco 1995, no pet.); *see also* Tex.R.App.P. 6.5. Withdrawal by a retained attorney under these circumstances does not implicate federal constitutional guarantees. *See McCoy,* 486 U.S. at 437, 108 S.Ct. at 1901.

(3) send his client a copy of the brief; (4) *inform his client of his right to file a pro se response;* and (5) inform his client of his right to review the record and of the procedures for obtaining a copy of the record.[2] *Johnson v. State,* 885 S.W.2d 641, 645–46 (Tex.App.—Waco 1994, pet. ref'd); *see also Bruns v. State,* 924 S.W.2d 176, 177 n. 1 (Tex.App.—San Antonio 1996, no pet.); *Mays v. State,* 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). The attorney must satisfy the appellate court that he has fulfilled the latter three requirements. *Johnson,* 885 S.W.2d at 646. The appellant then has the opportunity to respond.[3,4] *Stafford v. State,* 813 S.W.2d 503, 510 (Tex.Crim.App.1991).

Texas courts require that an *Anders* brief reflect a professional evaluation of the record and a demonstration that there are no arguable grounds for appeal. *High,* 573 S.W.2d at 812. As such, the brief must refer to anything in the record that might arguably support the appeal, with citations to the record and legal authority. *Id.* at 811; *Stafford,* 813 S.W.2d at 510 n. 3. In so doing, counsel must

> [D]iscuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections

were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court.

*High,* 573 S.W.2d at 813; *see also Stafford,* 813 S.W.2d at 510 n. 3.[5]

When an appellate court receives an *Anders* brief, it faces two interrelated tasks: (1) ensuring that the attorney has provided the client with a diligent and thorough search of the record, and (2) ensuring that the appeal is indeed without merit. *McCoy,* 486 U.S. at 442, 108 S.Ct. at 1903–04. Thus, we are required to ensure that the attorney's brief satisfies the formal requirements of an *Anders* brief as outlined above. *Johnson,* 885 S.W.2d at 647. We are also required to conduct our own examination of the record to determine if the appeal is without merit. *Id.* We cannot grant a motion to withdraw before we make our own determination that the appeal is indeed without merit. *Penson,* 488 U.S. at 82–83, 109 S.Ct. at 351.

If after reviewing the record, the *Anders* brief, and any pro se response, we agree with counsel that the appeal is without merit, we may grant counsel's motion to withdraw.[6] *Stafford,* 813 S.W.2d at

2. The appellant must be given access to the record filed in the district clerk's office. *Gonzalez v. State,* 984 S.W.2d 790, 791 (Tex. App.—Waco 1999, no pet.).

3. Though the pro se response is sometimes called a pro se brief, courts have held that the purposes of a pro se response and a brief on the merits are different. Thus, the pro se response is not required to comply with the rules for appellate briefs contained in TEX. R.APP.P. 38.1 & 38.4. *See Stelbacky v. State,* 22 S.W.3d 583, 586–87 (Tex.App.—Amarillo 2000, no pet.); *Wilson v. State,* 955 S.W.2d 693, 697 (Tex.App.—Waco 1997, no pet.); *Henry v. State,* 948 S.W.2d 338, 340–41 (Tex. App.—Dallas 1997, no pet.).

4. This court generally informs the appellant that he has thirty days in which to file a pro se response or to request an extension of time. We also give the State thirty days to respond to any pro se response filed.

5. An *Anders* brief must pray that we grant the attorney's motion to withdraw, as any other prayer is inconsistent with the nature and purpose of an *Anders* brief. *Jeffery v. State,* 903 S.W.2d 776, 780 n. 5 (Tex.App.—Dallas 1995, no pet.).

6. This court carries the motion to withdraw with the case and then acts on it when the time for filing a petition for discretionary review in the Court of Criminal Appeals has

511; *Wilson v. State*, 955 S.W.2d 693, 698 (Tex.App.—Waco 1997, no pet.) (modifying *Johnson*, 885 S.W.2d at 647 & n. 3). The appellant has not lost his right to an appeal; he has lost his right to have an attorney represent him on appeal. *McCoy*, 486 U.S. at 439 n. 13, 108 S.Ct. at 1902 n. 13.

Little has been written concerning the degree of scrutiny an appellate court must use in performing its independent review of the record. *United States v. Wagner*, 103 F.3d 551, 552 (7th Cir.1996). The Seventh Circuit Court of Appeals has concluded that as long as the *Anders* brief is adequate on its face and discusses the issues that the type of case the brief is addressing might be expected to involve, the appellate court should confine its review to those portions of the record that relate to the issues discussed in the *Anders* brief. *Id.* at 553. The Seventh Circuit reasoned that combing the record for possible nonfrivolous issues which the lawyer and the appellant both overlooked would convert the court into the appellant's lawyer. *Id.* at 552.

On the surface, the Seventh Circuit's rationale does not clearly comport with *Anders*'s requirement that the appellate court conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Penson*, 488 U.S. at 82–83, 109 S.Ct. at 351. The Seventh Circuit justified its position with the observation that the *Anders* requirement of a full examination of all the proceedings was made in cases in which the *Anders* brief was inadequate on its face. *Wagner*, 103 F.3d at 552–53. Such reasoning ignores the fact that, in *Anders*, the Supreme Court articulated the requirement of "a

full examination of all the proceedings" in section three of the opinion, where it outlined the procedure for protecting an indigent defendant's right to counsel on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400.

Nevertheless, the Supreme Court has subsequently made it clear that the procedure it outlined in section three of *Anders* is "merely one method of satisfying the requirements of the Constitution for indigent criminal appeals." *Robbins*, 528 U.S. at 276, 120 S.Ct. at 759. Seen in this light, the Seventh Circuit's reasoning in *Wagner* is persuasive. We have a supervisory role in ensuring that an indigent appellant has the benefit of counsel on appeal, but we are not required to act as the appellant's advocate. *Randle v. State*, 760 S.W.2d 30, 32 (Tex.App.—Houston [1st Dist.] 1988, no pet.). Were we to scour the record for any possible error, we would be affording the indigent appellant whose attorney files an *Anders* brief more protection than is afforded a nonindigent appellant or an indigent appellant whose attorney files a brief on merits. *Wagner*, 103 F.3d at 552; *see also* Martha C. Warner, *Anders in the Fifty States: Some Appellants' Equal Protection is More Equal Than Others*, 23 Fla.St.U.L.Rev. 625, 642–43 (1996). We would also be draining scarce judicial resources from other appeals of equal or greater merit. *See Robbins*, 528 U.S. at 282, 120 S.Ct. at 762.

Generally, an *Anders* brief can exhibit two types of deficiencies. First, the brief may be deficient as to form. A brief is deficient as to form if it does not reflect a professional evaluation of the record and demonstrates that there are no arguable grounds for appeal. Such a brief

expired. Other courts grant the motion to withdraw when they issue the opinion on the merits.

is of limited use in ensuring that the appellant's right to counsel on appeal is protected and in evaluating whether the appeal is without merit. *See High,* 573 S.W.2d at 812. Deficiencies of form include technical violations of the *Anders* requirements (e.g., failing to raise arguable issues or failing to cite to the record or to legal authority), but also include the failure to discuss issues appearing prominently in the record. In such a situation, counsel should be afforded the opportunity to rebrief to address the deficiencies in the brief. *See Stafford,* 813 S.W.2d at 510.[7]

 Second, the brief may be deficient as to substance. Deficiencies of sub-

stance call into question counsel's conclusion that the appeal is without merit. The court must grant counsel's motion to withdraw, because counsel cannot be required to argue grounds he has previously determined to be without merit. *Stafford,* 813 S.W.2d at 511. Because the appellant retains his right to an attorney on appeal, *Penson,* 488 U.S. at 83–84, 109 S.Ct. at 351–52, the court must abate the appeal to the trial court for appointment of new appellate counsel to present the issues the court identified and any other grounds that might support the appeal. *Stafford,* 813 S.W.2d at 511;[8] *see also Penson,* 488 U.S. at 83–84, 109 S.Ct. at 351–52; *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400.[9]

7. Courts have required counsel to rebrief to address deficiencies of form in the following cases: *Cantu v. State,* 781 S.W.2d 953, 953–54 (Tex.App.—Beaumont 1989, no pet.); *Loggins v. State,* 701 S.W.2d 51, 53–54 (Tex.App.—Dallas 1985, no pet.); *Monroe v. State,* 671 S.W.2d 583, 586 (Tex.App.—San Antonio 1984, no pet.); *Graham v. State,* 649 S.W.2d 719, 720 (Tex.App.—Waco 1983, no pet.); *In re Ganne,* 643 S.W.2d 195, 195 (Tex.App.—Austin 1982, no pet.). *But see High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978) (abating the appeal so that the trial court "might provide appellant with the effective assistance of counsel on appeal"); *Williams v. State,* 976 S.W.2d 871, 873 (Tex.App.—Corpus Christi 1998, no pet.) (striking counsel's *Anders* brief, removing him from the appeal, and abating to the trial court for appointment of new counsel); *Marsh v. State,* 959 S.W.2d 224, 226 (Tex.App.—Dallas 1996, no pet.) (same). Abatement was the remedy in *High* possibly because former Article 40.09(12) of the Texas Code of Criminal Procedure gave trial courts thirty days after the filing of the briefs to grant the appellant a new trial. *High,* 573 S.W.2d at 808; *see* Tex.Code Crim.Proc.Ann. art. 40.09(12), *repealed by* Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4(b), 1985 Tex.Gen. Laws 2472, 2473.

8. We do not read *Stafford* as requiring abatement in those cases in which the record clearly reflects error that is reversible. However, the court of appeals must also determine

whether there are any other arguable grounds for appeal. *See, e.g., Jones v. State,* 821 S.W.2d 234, 238 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd) (reversing for a new punishment hearing when the trial court erroneously overruled the defendant's objection to amend the enhancement portion of the indictment at the beginning of the punishment phase); *Wedlow v. State,* 807 S.W.2d 847, 851–53 (Tex.App.—Dallas), *pet. ref'd,* 814 S.W.2d 750 (Tex.Crim.App.1991) (reversing because of the trial court's failure to grant the defendant's motion for severance). *But see High v. State,* 962 S.W.2d 53, 54 & n. 1 (Tex.App.—Houston [1st Dist.] 1997), *vacated and remanded on other grounds,* 964 S.W.2d 637 (Tex.Crim.App.1998) (reversing because of the trial court's failure to admonish the defendant concerning the range of punishment before accepting the defendant's guilty plea, but refusing to consider other issues raised by the appellant in a pro se response).

9. Courts have abated to the trial court for appointment of new counsel in the following cases: *Manoy v. State,* 7 S.W.3d 771, 774 (Tex.App.—Tyler 1999, no pet.); *Coronado v. State,* 996 S.W.2d 283, 287 (Tex.App.—Waco 1999, no pet.); *Wilson v. State,* 976 S.W.2d 254, 257 (Tex.App.—Waco 1998, no pet.); *Robinson v. State,* 971 S.W.2d 96, 97 (Tex.App.—Beaumont 1998, pet. ref'd); *Evans v. State,* 933 S.W.2d 334, 336 (Tex.App.—Waco 1996, no pet.); *Jeffery v. State,* 903 S.W.2d 776, 780 (Tex.App.—Dallas 1995, no pet.); *Tellez v. State,* 880 S.W.2d 247, 248–49 (Tex.

■ As mentioned previously, all that is required under the *Anders* framework is that we ensure that the attorney has provided the client with a diligent and thorough search of the record and that the appeal is without merit. *McCoy*, 486 U.S. at 442, 108 S.Ct. at 1903–04. The *Anders* brief is to be used as a guide in making these assessments. When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal. *See Wilson v. State*, 976 S.W.2d 254, 257 n. 4 (Tex.App.—Waco 1998, no pet.). But if we decide that the issues we identify do have arguable merit, we must abate the appeal to the trial court for appointment of new counsel. *Stafford*, 813 S.W.2d at 511.

The *Anders* brief in the present case is illustrative of these principles. The brief contains a recitation of the evidence, provides citations to the record, raises the issue of evidentiary sufficiency as an arguable ground for appeal, discusses the relevant legal standard for determining whether the evidence is sufficient,[10] and evaluates why the attorney believes the evidence is sufficient and the appeal is, therefore, without merit.

■ However, in the course of reviewing counsel's brief and in weighing the type of case involved here (sexual assault of a child), we have observed that counsel on appeal does not discuss possible errors in the admission of evidence, over Wilson's objection, concerning numerous extraneous acts allegedly involving Wilson and the victim. Such evidence may be admissible under Tex.R.Evid. 404(b) and/or Tex.Code Crim.Proc.Ann. art. 38.07 (Vernon Supp. 2001), but must be disclosed to the defendant on proper request. The defendant is also entitled to a limiting instruction. *Abdnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim.App.1994). Allowing such evidence before the jury may also constitute ineffective assistance of counsel under certain circumstances.

These deficiencies are at the very least deficiencies of form. Counsel has failed to discuss issues appearing prominently in the record. Thus, the *Anders* brief in the present case is of limited use to us in ensuring that Wilson's counsel on appeal has made a diligent and thorough search of the record, and in evaluating whether the appeal is indeed without merit. As such, we are justified in requiring counsel to rebrief.

■ However, counsel also does not discuss Wilson's motion, which the trial court overruled, to have the State formally elect the occurrence of sexual assault on which it would rely for conviction. When the evidence shows two or more acts, each of which is an offense for which the defendant may be convicted, and the indictment charges only one offense, the State is required to elect the act on which it will rely to secure a conviction, provided the defendant moves for election. *See Scoggan v. State*, 799 S.W.2d 679, 680 n. 3 (Tex.Crim. App.1990); *Crawford v. State*, 696 S.W.2d 903, 906 (Tex.Crim.App.1985).

App.—El Paso 1994, no pet.); *Ortiz v. State*, 849 S.W.2d 921, 922 (Tex.App.—Corpus Christi 1993, no pet.); *Scogin v. State*, 818 S.W.2d 918, 920 (Tex.App.—Beaumont 1991, no pet.); *Dubois v. State*, 799 S.W.2d 481, 482 (Tex.App.—Corpus Christi 1990, pet. ref'd); *Randle v. State*, 760 S.W.2d 30, 32 (Tex.

App.—Houston [1st Dist.] 1988, no pet.); *Gorrer v. State*, 739 S.W.2d 417, 418 (Tex. App.—Beaumont 1987, no pet.).

10. Counsel on appeal has conflated the legal standards for evaluating the legal and factual sufficiency of the evidence.

This deficiency is one of substance. The Waco Court of Appeals also was confronted with an *Anders* appeal involving a trial court's refusal to require an election as requested by the defendant. *Wilson*, 976 S.W.2d at 257. The Waco court held that the issue presented arguable grounds for reversal, thus calling into question counsel's assessment that the appeal was without merit. *Id.* The court granted counsel's motion to withdraw and abated the appeal to the trial court for appointment of new counsel on appeal. *Id.* In so doing, however, the court observed that it was not necessarily saying there was reversible error involved, that the issues raised in the pro se response lacked merit, or that there were not other issues that could be raised on appeal. *Id.* at 257 n. 4.

The Waco court's disposition presents the proper disposition of the present appeal. Therefore, it is ordered that counsel's Motion to Withdraw is granted, and this appeal is abated to the trial court for appointment of new counsel on appeal. It is further ordered that the trial court's order appointing new counsel be filed in this court within fifteen days of the date of this order. It is further ordered that counsel's brief addressing any grounds that support the appeal be filed in this court within thirty days of his or her appointment.

IT IS SO ORDERED.