NO. 07-02-0022-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 24, 2004

_____

HORACE CHESTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 82603; HONORABLE LARRY GIST, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**ORDER ON ABATEMENT**

Appellant Horace Chester appeals from a conviction for possession of a controlled substance. Appellant's counsel has filed a motion to withdraw and an Anders[1] brief indicating that no arguable basis for appeal exists. We grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court for appointment of new counsel.

_____

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Appellant was indicted for the offense of possession of a controlled substance, enhanced. He pled not guilty and was convicted following a jury trial. In the punishment stage of trial appellant pled true to the enhancement allegations. The jury assessed punishment at the maximum sentence of 20 years confinement and a $10,000.00 fine.

Appellant's appointed counsel filed a motion to withdraw and an Anders brief in support of the motion. Counsel has concluded that the appeal is frivolous and without merit. Counsel sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. Appellant filed a *pro se* response. Among numerous assertions by appellant in his response is an allegation that the prosecutor's final argument during the punishment stage of trial improperly directed the jury to consider the manner in which parole law and good conduct time may be applied to appellant. In replying to appellant's response, the State acknowledges the impropriety of the prosecutor's argument and acknowledges that it was error for the trial court to overrule the objection of appellant's trial counsel to the argument. However, the State argues that the error was harmless.

We are required to make an independent examination of the record to determine whether there are any arguable grounds which might support the appeal. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Our review of the argument leads us to conclude that it is at least arguable that the trial court's ruling constitutes reversible error.[2]

_____

[2]This should not be viewed as a determination that the court's overruling of trial counsel's objection constitutes reversible error, nor should it be viewed as an implied conclusion that the remainder of the issues raised by appellant in his *pro se* response lack

Having found an arguable ground for appeal, we may not accept appellate counsel's representation concerning the merits of the appeal, nor may we permit him to continue as counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). This court must insure appellant's right to counsel by permitting appellant's present counsel to withdraw and by abating and remanding the appeal for appointment of new counsel to represent appellant on appeal. Id.

Accordingly, we hereby grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court. Upon remand, the trial court is directed to appoint new counsel to represent appellant in this appeal and to direct the trial court clerk to file with the appellate clerk a supplemental clerk's record containing the order appointing new appellate counsel and the name, address, and state bar number of newly appointed counsel. The trial court is further directed to order the newly appointed counsel to file with the appellate clerk (1) a notice of appearance setting out the matters required by Texas Rule of Appellate Procedure 6.5(d) and (2) an appellant's brief developing the aforementioned arguable ground, as well as all other grounds that might support reversal or modification of the judgment. See Stafford, 813 S.W.2d at 510.

The trial court is directed to appoint new appellate counsel on or before March 26, 2004, in the absence of a request for extension of time. Appellate briefs from appellant

---

merit. See Wilson v. State, 40 S.W.3d 192, 200 (Tex.App.–Texarkana 2001, no pet.); Wilson v. State, 976 S.W.2d 254, 257 n.4 (Tex.App.–Waco 1998, no pet.). We say only that we have identified an arguable issue which merits further development by counsel on appeal. TEX. R. APP. P. 47.1; Wilson, 40 S.W.3d at 200.

and the State will be due in accordance with the provisions of Texas Rule of Appellate Procedure 38, based on the date the supplemental clerk's record referenced in this order is filed with the appellate clerk.

It is so ordered.

Per Curiam

Do not publish.