

## NUMBER 13-13-00376-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**STEVEN EUGENE FOUST,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

### On appeal from the 15th District Court
### of Grayson County, Texas.

# ORDER

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Order Per Curiam[1]

Appellant, Steven Eugene Foust, was charged by indictment with burglary of a

habitation (Count I) and assault with a deadly weapon (Count II).   The case was tried to

---

[1] This case is before this Court on transfer from the Fifth Court of Appeals in Dallas pursuant to a docket-equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 3d C.S. 2013).

1

a jury, which returned a verdict of guilty on both counts and found that appellant used or exhibited a deadly weapon during the course of the burglary. On both counts, the jury assessed punishment at five years' imprisonment and no fine. Appellate counsel filed an *Anders* brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). On May 15, 2014, we issued an order striking the brief for a defect of form and directing counsel to file an amended brief addressing the defect. *See Wilson v. State*, 40 S.W.3d 192, 199 (Tex. App.—Texarkana 2001, no pet.) ("Deficiencies of form include technical violations of the *Anders* requirements . . . but also include the failure to discuss issues appearing prominently in the record."). Appellant's counsel has sent this Court a second amended brief that addresses the defect in form and that contains the standard prayer for relief in *Anders* cases, but omits what counsel included in his first brief: citations to the *Anders* rule and counsel's conclusion under *Anders* that the appeal is frivolous, counsel's professional review of the full record (not just the issue we identified in our prior order) that *Anders* requires, and a certificate of service indicating that the counsel served the brief on both the State and appellant.[2]

Accordingly, counsel's motion for leave to file his second amended brief is DENIED. We order counsel to file a third amended brief within fourteen days of the date of this order that fully complies with the Texas Rules of Appellate Procedure and the requirements of *Anders*.[3] Motions for extension of time will not be favorably entertained

---

[2] We note that counsel provided appellant with a copy of the record with counsel's first brief and appellant filed a pro se response. Counsel has therefore already complied with the new *Anders* requirement that the Texas Court of Criminal Appeals announced in *Kelly v. State*, PD-0702-13, 2014 WL 2865901, at **3–4 (Tex. Crim. App. June 25, 2014).

[3] This includes, but is not limited to: citation to the rule of *Anders v. California*, 386 U.S. 738, 744 (1967) and counsel's conclusion under *Anders* that the appeal is frivolous, counsel's professional review of the full record; the additional issue that counsel addressed in his second brief; a certificate of service stating

absent extraordinary circumstances.

IT IS SO ORDERED

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of July, 2014.

_____

that counsel has served the new brief on both the State and appellant; and a certificate of compliance. *See* TEX. R. APP. P. 38.1, 9.4(i)(3).