

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00192-CR

ROGER MARTIN BRADFORD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 15-0152X

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Roger Martin Bradford was convicted by jury of the third degree felony offense of driving while intoxicated, third or more, and was sentenced to four years' confinement. *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2015). Bradford appeals.

Bradford's appellate attorney filed a brief setting out the procedural history of the case and summarizing the evidence elicited during the course of the trial court proceedings. After counsel's professional evaluation of the record, counsel has concluded that there are no arguable grounds to be advanced. Bradford's counsel sent a copy of the brief to Bradford, provided him with a copy of the record, and advised Bradford of his right to review the record and file a pro se response, which Bradford has not done. Under the authority of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978), counsel seeks to withdraw from his representation of Bradford.

This Court is required to conduct our own review of the entire record when we receive an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist. *Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 438 n.10 (1988). An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

Our independent review of the record indicates that Bradford, although indigent, was assessed attorney fees in the judgment of conviction. This is an arguable ground for appeal.

2

Counsel's brief does not address this arguable ground. Additionally, our independent review of the record indicates that, although a motion to amend the indictment was granted, an amended indictment reflecting the correct offense date was not filed. Consequently, the charge of the court (which does reflect the correct offense date) does not track the indictment. This issue was not addressed in the brief filed by Bradford's counsel. Finally, our independent review of the record indicates that both jury verdicts emanated from the Harrison County Court at Law, while the judgment of conviction emanated from the 71st Judicial District Court of Harrison County. This issue was not addressed in the brief filed by Bradford's counsel.

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

We, therefore, grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within ten days of the date of this order. New appellate counsel is to address the issues presented here, as well as any other issues that warrant further development on appeal.

IT IS SO ORDERED.

BY THE COURT

Date:   June 16, 2016

3