

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00061-CR

MARION RAYMON CRENSHAW, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 13th District Court
Navarro County, Texas
Trial Court No. D36179-CR

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

Marion Raymon Crenshaw entered an open plea of guilty to and was found guilty of knowing possession of a controlled substance, with intent to deliver, in an amount more than one gram, but less than four grams. Following a punishment hearing, the trial court sentenced Crenshaw to six years' imprisonment. Crenshaw appeals.

Crenshaw's attorney has filed an appellate brief in which she concludes that after a review of the record and the related law, the appeal is frivolous and without merit. The brief presents several arguable points of error, but after a discussion of the applicable law and facts, counsel has concluded that these points do not present reversible error. The brief thus meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Counsel has informed Crenshaw of his right to review the record and to submit a brief pro se. Crenshaw has not submitted a brief, and neither has the State.

As required by the Texas Court of Criminal Appeals in *Stafford*, we have conducted our own investigation of the record to discover if there are arguable grounds. *See Stafford*, 813 S.W.2d at 511. We have determined that there are several arguable issues that merit briefing, including: (1) whether counsel rendered ineffective assistance (a) in misadvising Crenshaw that he was eligible for community supervision when he was previously convicted of a felony offense and (b) by focusing his trial strategy during the punishment phase on community supervision; (2) whether Crenshaw's plea of guilty was made intelligently, knowingly, and voluntarily; (3) whether Crenshaw intelligently, knowingly, and voluntarily waived his right to trial by jury during punishment; (4) whether the language of Crenshaw's judicial confession is sufficient to

2

support the finding of guilt; (5) whether the trial court erred in ordering Crenshaw to pay restitution to the Department of Public Safety, and (6) whether the trial court erred in ordering Crenshaw to pay attorney fees.

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

We grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within ten days of the date of this order. Appellate counsel is to address the issues presented here, as well as any other issues that warrant further development on appeal.

A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within ten days of the date of appointment.

The current submission date of September 7, 2016, is hereby withdrawn, and all appellate timetables are stayed. This appeal will return to this Court's jurisdiction upon our receipt of the supplemental clerk's record, at which time we will establish a new briefing schedule.

IT IS SO ORDERED.

BY THE COURT

Date:   September 1, 2016

3