

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00043-CR

WILLIAM CODY KIMBELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 30,537

Before Morriss, C.J., Moseley and Burgess, JJ.

## O R D E R

William Cody Kimbell entered an open plea of guilty to and was found guilty of possession of a controlled substance in penalty group 1 in an amount of one gram or more but less than four grams, a third degree felony offense. Following a punishment hearing, in which the trial court found two of the State's enhancement allegations to be true, the trial court sentenced Kimbell to fifty years' imprisonment. Kimbell appeals.

Kimbell's attorney has filed an appellate brief in which she concludes that, after a review of the record and the related law, the appeal is frivolous and without merit. The brief presents several arguable points of error, but after a discussion of the applicable law and facts, counsel has concluded these points do not present reversible error. The brief thus meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Counsel has informed Kimbell of his right to review the record and to submit a brief pro se. Kimbell has not submitted a brief, nor has the State.

As required by the Texas Court of Criminal Appeals, we have conducted our own investigation of the record to discover if there are arguable grounds for appeal. *Stafford*, 813 S.W.2d at 511. We have identified a few arguable issues that require additional briefing: (1) whether Michael Pittman, M.D., was qualified under Article 46B.022 of the Texas Code of Criminal Procedure to evaluate Kimbell, (2) whether the trial court erred in determining that Kimbell's plea of guilty was knowing, intelligent, and voluntary since it also determined, on the same date, that Kimbell demonstrated a "mental impairment," which required a psychological

evaluation, (3) whether Kimbell, who had ingested pesticide on the day before the plea hearing, was competent on the day that he entered his plea of guilty, (4) whether, in light of the trial court's written admonishments and the discussion at the plea hearing, Kimbell was properly admonished and understood the range of punishment, and (5) whether counsel rendered ineffective assistance in failing to investigate and present mitigating evidence during punishment.

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744). Accordingly, we grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within ten days of the date of this order. Appellate counsel is to address the issues presented here, as well as any other issues that warrant further development on appeal.

A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within ten days of the date of appointment.

The current submission date of September 13, 2016, is hereby withdrawn. We will establish a new briefing schedule on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date:    September 26, 2016