

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00110-CR

---

LEWIS LAVON JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2013-C-0310

---

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

A jury convicted Lewis Lavon Jones of indecency with a child by sexual contact. After a bench trial on punishment, the trial court sentenced Jones to fifteen years' imprisonment. Jones appeals.

Jones' attorney has filed an appellate brief in which he concludes, after a review of the record and the related law, that the appeal is frivolous and without merit. The brief presents an arguable point of error, but after a discussion of the applicable law and facts, counsel has concluded that this point does not present reversible error. The brief, thus, meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Counsel informed Jones of his right to review the record and to submit a pro se response to counsel's *Anders* brief. Jones has not submitted a response, and the State, likewise, has submitted no responsive brief.

As required by the Texas Court of Criminal Appeals in *Stafford*, 813 S.W.2d at 511, we have conducted our own investigation of the record to discover if there are arguable grounds for appeal. We have identified several arguable issues that require additional briefing: (1) whether Jones waived his statutory right to trial by jury during the punishment phase of his trial, (2) whether the trial court erred in admitting, over objections, text messages—State's Exhibits 3–8—from Jones, and (3) whether, in light of the fact that Jones is indigent, the clerk's bill of costs should contain a charge in the amount of $223.00 for a copy of the appellate record.

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues

2

warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

Accordingly, we grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within ten days of the date of this order. Appellate counsel is to address the issues presented here, as well as any other issues that warrant further development on appeal.

A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within ten days of the date of appointment.

The current submission date of November 10, 2016, is hereby withdrawn. We will establish a new briefing schedule on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date: November 3, 2016