

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00058-CR

LATOYA SAKEITHA ERWIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-1352-17

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Latoya Sakeitha Erwin was convicted in a bench trial in Smith County[1] of exploitation of an elderly individual. *See* TEX. PENAL CODE ANN. § 32.53(b) (West 2016). The trial court sentenced Erwin to ten years' imprisonment, but suspended the sentence in favor of placing her on community supervision for six years. Erwin appeals.

Erwin's attorney has filed an appellate brief in which he concludes, after a review of the record and the related law, that the appeal is frivolous and without merit. The brief presents arguable points of error, but after a discussion of the applicable law and facts, counsel concludes that the points do not present reversible error. The brief, thus, meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Counsel informed Erwin of her right to review the record and to submit a pro se response to counsel's *Anders* brief. Erwin did not submit a response.

As required by the Texas Court of Criminal Appeals in *Stafford v. State*, , we have conducted our own investigation of the record to discover if there are arguable grounds for appeal. We conclude that the issue of legal sufficiency of the evidence presents an arguable issue that requires additional briefing. *Stafford*, 813 S.W.2d at 511. "When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney is appointed to represent appellant on appeal.*" *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

Accordingly, we grant current appellate counsel's motion to withdraw, and we abate this cause to the trial court for the appointment of new appellate counsel. The appointment is to be made within ten days of the date of this order. Appellate counsel is to address the issue presented here, as well as any other issues that warrant further development on appeal.

A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within ten days of the date of appointment.

The current submission date of December 18, 2018, is hereby withdrawn. We will establish a new briefing schedule on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date: December 12, 2018

3