

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00029-CR

_____

BRODERICK MAXIMILLIAN MCHENRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 16-0281X

Before Morriss, C.J., Burgess and Stevens, JJ.

O R D E R

Broderick Maximillian McHenry entered an open plea of guilty to aggravated robbery with a deadly weapon. After a punishment hearing in which McHenry prayed for judge-ordered community supervision, the trial court sentenced McHenry to sixty years' incarceration. On appeal, McHenry's attorney has filed an appellate brief in which he concludes that the appeal is frivolous and without merit. Under the requirements of *Anders v. California*, counsel is required to conduct a "conscientious examination" of the record and file "a brief referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967).

Our independent investigation of the record in this case, as required by the Texas Court of Criminal Appeals in *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), showed that McHenry's competence was evaluated by Thomas G. Allen, Ph.D. The curriculum vitae does not establish that Allen is qualified under Article 46B.022 of the Texas Code of Criminal Procedure by either certification or specialized training related to incompetency or insanity evaluations. Nor is there any other sufficient information demonstrating that Allen is otherwise qualified under Art. 46B.022. The record also shows that McHenry filed an application for community supervision, referenced the application at his plea hearing, and sought community supervision during punishment even though he may not have been eligible for judge-ordered community supervision as a result of the nature of the offense. *See* TEX. CODE CRIM. PROC. ANN. § 42A.054(a)(11).

After conducting our own investigation of the record, we have determined several arguable issues that require additional briefing, including: (1) whether Allen was qualified to evaluate

2

McHenry under Article 46B.022 of the Texas Code of Criminal Procedure; (2) whether McHenry's waiver of the right to a jury trial and plea of guilt were intelligently made in light of representations that he was eligible for community supervision; and (3) whether counsel rendered ineffective assistance in advising McHenry he was eligible for community supervision.[1]

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

Accordingly, we grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within

---

[1]With respect to this third issue, we note that Appellant's counsel discussed the possibility of an ineffective assistance claim in McHenry's brief. Counsel concluded that even if defense counsel provided deficient representation,

> the record is silent as to whether Appellant would have desired a jury trial had counsel advised him that he could only avoid a prison sentence if the trial court deferred a finding of guilt and placed him on deferred adjudication community supervision. The record is also silent as to whether trial counsel's reference to probation was understood to mean deferred adjudication community supervision.

Thus, Appellant's counsel concluded that "the record is insufficient to determine whether trial counsel's representation, even if deficient, was prejudicial to Appellant."

> However, in *Miller v. State*, the Texas Court of Criminal Appeals held,
>
> A defendant meets the prejudice prong of his ineffective assistance of counsel claim by demonstrating that he would have opted for a jury if his attorney had correctly advised him that he was ineligible for probation from the trial court. He does not have to show that the likely outcome of the jury trial he waived would have been more favorable than the court trial he had.

*Miller v. State*, 548 S.W.3d 497, 498 (Tex. Crim. App. 2018). And, the Texas Court of Criminal Appeals expressly left open the question of what evidence is sufficient to show "a reasonable probability that [the defendant] would have opted for a jury if his attorney had correctly advised him about his probation eligibility." *Id*. The issue in this case is whether the record evidence is sufficient to support a finding that McHenry established "a reasonable probability that he would have opted for a jury if his attorney had correctly advised him about his probation eligibility." *Id*.

ten days of the date of this order. Newly appointed appellate counsel is to address the issues presented here, as well as any other issues that warrant further development on appeal.

A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within ten days of the date of appointment.

The current submission date of October 8, 2019, is hereby withdrawn. Upon receipt of the supplemental clerk's record contemplated by this order, our jurisdiction over this appeal will resume and we will establish a new briefing schedule.

IT IS SO ORDERED.

BY THE COURT

Date:          October 10, 2019