

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00042-CV

IN THE INTEREST OF J.C., A CHILD

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 21-0471

Before Morriss, C.J., Stevens and van Cleef, JJ.

# O R D E R

On June 15, 2022, the trial court entered an order that terminated the parent-child relationship between J.C. and his mother pursuant to statutory grounds E, N, O, and P. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (N), (O), (P). Mother's appellate counsel has filed a brief that summarizes the record and reviews the trial court proceedings. After evaluating the record, Mother's appointed counsel appears to have concluded that there are no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *see also In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental-rights termination cases). Under the requirements of *Anders*, counsel is required to conduct a "conscientious examination" of the record and file "a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744.

Under *Anders*, we are required to review the record and make an independent determination of whether there are no arguable grounds for appeal. *Stafford*, 813 S.W.2d at 511. Our independent review of the record in this case showed that Mother was appointed counsel on May 12, 2021. Then, on February 24, 2022, the trial court entered a sua sponte order and discharged Mother's appointed counsel, purportedly because Mother had not participated in the case and the trial court determined that the appointment of counsel for Mother was no longer

2

necessary.[1]  Mother apparently was without counsel until the trial court appointed her new counsel on May 9, 2022, three days before the final hearing.[2]

After conducting our own investigation of the record, we have identified at least two arguable issues that require additional briefing, including (1) whether the trial court denied Mother her right to counsel by discharging her original appointed counsel[3] and (2) whether the trial court denied Mother her right to effective assistance of counsel by appointing her new counsel without providing sufficient time for her new counsel to prepare for the hearing.

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order).  In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

Accordingly, we grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel.  The appointment is to be made within five days of the date of this order.  A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a

---

[1]The record shows that Mother participated in the family group conference that resulted in Mother's family service plan, participated in visitation with J.C., attended some parenting classes, and submitted to some court-ordered, random drug tests.

[2]The record also shows that Mother's newly appointed trial counsel did not receive any materials related to the case until the afternoon of the following day.

[3]*See In re P.M.*, 520 S.W.3d at 26; TEX. FAM. CODE ANN. § 107.013(a)(1), § 107.016(2) (Supp.).

supplemental clerk's record within three days of the date of appointment.  Newly appointed appellate counsel is to address the issues presented here, as well as any other issues that warrant further development on appeal.

We hereby withdraw the current submission date of October 11, 2022.  Upon receipt of the supplemental clerk's record contemplated by this order, jurisdiction will automatically return to this Court and we will establish a new briefing schedule.  We admonish, however, that because this case involves an appeal from the termination of Mother's parental rights, this matter is to be expedited at all levels.  Newly appointed counsel should be prepared to pursue the appeal without delay or requests for extensions of time.

IT IS SO ORDERED.

BY THE COURT

DATE:  September 28, 2022