

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00042-CV

IN THE INTEREST OF J.C., A CHILD

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 21-0471

Before Morriss, C.J., Stevens and van Cleef, JJ.

ORDER

On June 15, 2022, the trial court entered an order that terminated the parent-child relationship between J.C. and his mother pursuant to statutory grounds E, N, O, and P. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (N), (O), (P). Mother's original appellate counsel filed a brief that summarized the record, reviewed the trial court proceedings, and concluded that there were no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *see also In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental-rights termination cases).

Under *Anders*, we are required to review the record and make an independent determination of whether there are arguable grounds for appeal. *Stafford*, 813 S.W.2d at 511. Our independent review of the record in this case showed that Mother was appointed counsel on May 12, 2021. Then, on February 24, 2022, the trial court entered a sua sponte order and discharged Mother's appointed counsel, purportedly because Mother had not participated in the case[1] and the trial court determined that the appointment of counsel for Mother was no longer

---

[1] The record shows that Mother participated in the family group conference that resulted in Mother's family service plan, participated in visitation with J.C., attended some parenting classes, and submitted to some court-ordered, random drug tests.

2

necessary.[2]  Mother apparently was without counsel until the trial court appointed her new counsel on May 9, 2022, three days before the final hearing.[3]

After conducting our own investigation of the record, we identified at least two arguable issues that required additional briefing, including (1) whether the trial court denied Mother her right to counsel by discharging her original appointed counsel[4] and (2) whether the trial court denied Mother her right to effective assistance of counsel by appointing her new counsel without providing sufficient time for her new counsel to prepare for the hearing.[5]

On September 28, 2022, we abated this appeal to the trial court for the appointment of new counsel and instructed new counsel to address these issues, as well as any other issues that warranted further development.  On September 30, 2022, the trial court appointed new appellate counsel for Mother.  On October 18, 2022, Mother's new counsel filed a brief captioned "APPELLANT'S *Supplemental* BRIEF," which demonstrates that she apparently misunderstood our order.[6]  Rather than filing a new appellate brief that advocated for Mother's rights, Mother's new counsel wrote a brief in apparent support of the original *Anders* brief.

---

[2]There is no indication in the record that the trial court warned Mother that her non-participation in hearings would result in the discharge of her appointed counsel before it entered the order.  In addition, there is no indication in the record that Mother was notified of the order discharging her appointed counsel.

[3]The record also showed that Mother's new appointed counsel did not receive any materials related to the case until the afternoon of the following day.

[4]*See In re P.M.*, 520 S.W.3d at 26; TEX. FAM. CODE ANN. §§ 107.013(a)(1), 107.016(2).

[5]*See* TEX. FAM. CODE ANN. § 263.401(b) (Supp.) (authorizing trial court to retain a suit that requests termination of the parent-child relationship for up to 180 days upon a finding, *inter alia*, of extraordinary circumstances).

[6]For instance, regarding the first issue, new counsel set forth reasons that sought to justify the actions of the trial court, without advancing any arguments in favor of Mother.  Also, rather than addressing the issue of whether the trial court's acts or omissions denied Mother effective assistance of counsel, new counsel sought to show that trial counsel's acts or omissions did not amount to ineffective assistance of counsel.

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

Because new counsel did not adequately address the issues we identified, we strike the supplemental brief and abate this case to the trial court a second time for the appointment of new appellate counsel. The appointment is to be made within five days of the date of this order. A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within three days of the date of appointment. Newly appointed appellate counsel should file an appellant's brief that addresses the issues presented above, as well as any other issues that warrant further development on appeal.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record. We will establish a new briefing schedule upon the return of this Court's jurisdiction over this matter. We admonish, however, that because this case involves an appeal from the termination of Mother's parental rights, this matter is to be expedited at all levels. Newly appointed counsel should be prepared to pursue the appeal without delay or requests for extensions of time.

IT IS SO ORDERED.

BY THE COURT

DATE:  October 25, 2022