

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00026-CR

REGINALD REECE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 21F0725-005

Before Morriss, C.J., Stevens and van Cleef, JJ.

ORDER

A Bowie County jury convicted Reginald Reece of theft of property valued at $2,500.00 or more, but less than $30,000.00, a state-jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A). The State's indictment alleged that the offense was committed in a disaster area, which made the offense punishable as a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.50(b)(8) (Supp.). The State also made habitual-offender allegations, which made the offense punishable as a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.425. Reece was sentenced to forty-five years' imprisonment.

On appeal, Reece's attorney has filed an appellate brief in which he concludes that the appeal is frivolous and without merit. Under the requirements of *Anders v. California*, counsel is required to conduct a "conscientious examination" of the record and file "a brief referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967).

As required by the Texas Court of Criminal Appeals in *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), we have conducted our own investigation of the record to discover if there are arguable grounds for appeal. After conducting our own investigation of the record, we have identified several arguable issues that require additional briefing, including (1) whether Reece received an illegal sentence outside of the applicable range of punishment, (2) whether the trial court's jury charge on punishment egregiously harmed Reece, (3) whether counsel rendered ineffective assistance, and (4) whether a time payment fee assessed in the bill of costs was properly charged.

2

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

Accordingly, we grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within ten days of the date of this order. Newly appointed appellate counsel is to address the issues presented here, as well as any other issues that warrant further development on appeal.

A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court, in the form of a supplemental clerk's record, within ten days of the date of appointment.

We hereby withdraw the current submission date of November 21, 2022. Upon receipt of the supplemental clerk's record contemplated by this order, our jurisdiction over this appeal will resume, and we will establish a new briefing schedule.

IT IS SO ORDERED.

BY THE COURT

DATE: November 14, 2022