COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:  Gerardo Arredondo v. The State of Texas

Appellate case number:   01-16-00312-CR

Trial court case number:  1403754

Trial court:              339th District Court of Harris County

Appellant, Gerardo Arredondo, was charged with capital murder. Arredondo entered a plea of "not guilty." A jury found Arredondo guilty as charged in the indictment. *See* TEX. PENAL CODE ANN. § 19.03 (West 2011). The trial court assessed punishment at life imprisonment without possibility of parole. *See* TEX. PENAL CODE ANN. § 12.31 (West 2013). Appellant timely filed a notice of appeal.

Appellant's court-appointed counsel on appeal has filed a motion to withdraw from representing appellant and an *Anders* brief in which he represented that no valid grounds for appeal exist and that appellant's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant filed a pro se response. The State has waived its opportunity to file an appellee's brief to reply to the brief counsel filed on appellant's behalf.

When this Court receives an *Anders* brief from an appellant's court-appointed attorney asserting that no arguable grounds for appeal exist, we must independently determine whether any arguable grounds for appeal exist by conducting our own review of the entire record. *Id.*, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting same passage from *Anders*). An arguable ground for appeal is a ground that is not frivolous; it must be an argument that could "conceivably persuade the court." *See In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting *McCoy v. Court of Appeals of Wisc., Dist. I*, 486 U.S. 429, 436, 108 S. Ct.

1895, 1901 (1988)). However, "[w]hen we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.) (citing *Wilson v. State*, 976 S.W.2d 254, 257 n.4 (Tex. App.—Waco 1998, no pet.)).

Our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case. *Id*. We do not rule on the ultimate merits of any arguable issues. *Id*. On remand, the trial court must appoint new counsel to represent appellant, because appellant is entitled to have new counsel address the merits of the issues. *Id*. "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id*.

In accordance with *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400, and *Bledsoe*, 178 S.W.3d at 826–27, we have reviewed the record and appointed counsel's *Anders* brief, and we conclude that this appeal warrants further development by counsel. Accordingly, we (1) grant counsel's motion to withdraw, and (2) abate this appeal and remand the cause to the trial court to appoint new appellate counsel to present any grounds that might support the appeal.

**In addition to any other grounds for appeal, the court directs counsel to consider the issue of whether the lesser included offense of murder should have been submitted in the charge of the court and whether such an error, if any, caused harm.** We further order that a supplemental clerk's record be filed with this Court containing the name, address, and state bar number of the new counsel appointed.

It is so ORDERED.

Judge's signature: /s/ Jane Bland
☐ Acting individually   ☑Acting for the Court

Before Justices Higley, Bland, and Brown.

Date: July 18, 2017