

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00146-CR
_____

AUSTIN BLAKE JUNELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 392nd District Court
Henderson County, Texas
Trial Court No. CR18-0309-392

Before Morriss, C.J., Burgess and Stevens, JJ.

O R D E R

Following a jury trial, Austin Blake Junell was convicted of two counts of intoxication manslaughter resulting from a traffic accident in Henderson County.[1]  Junell was sentenced to fifteen years' incarceration and was fined $10,000.00 on each count, with the sentences to run consecutively.  Junell appeals.

Junell's appellate counsel has filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal.  Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Junell has filed a pro se response to counsel's *Anders* brief.

As required by the Texas Court of Criminal Appeals in *Stafford*, 813 S.W.2d at 511, we have conducted our own investigation of the record to discover if there are arguable grounds.  We have determined that at least two arguable issues require additional briefing:  (1) whether the trial court erred in ordering Junell to pay attorney fees as reflected in the judgment on count one and (2) whether counsel rendered ineffective assistance (a) in failing to object to questions by the State during the punishment phase hearing regarding Junell's alleged association with the Aryan

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

2

Brotherhood and (b) in failing to object to the non-expert testimony of Josh Rickman during the punishment phase hearing regarding Junell's tattoos and alleged affiliation with the Aryan Brotherhood.

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

Accordingly, we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within ten days of the date of this order. Appellate counsel is to address the issues presented here, as well as any other issues that warrant further development on appeal. A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within ten days of the date of appointment. We grant permission for the present defense counsel to withdraw from the case on receipt of the trial court's order appointing new counsel as required by *Stafford*.

The current submission date of February 19, 2020, is hereby withdrawn. We will establish a new briefing schedule upon our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date: February 25, 2020

3